## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

SAMUEL KWAATE QUARTEY,

      Petitioner,

      v.

GARRY L. MUMFORD,
*Warden of Worcester County Jail,*

      Respondent.

Civil Action No. TDC-17-0607

### MEMORANDUM ORDER

On March 2, 2017, Petitioner Samuel Quartey filed this petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 in which he alleges that he has been held by Immigration and Customs Enforcement ("ICE") authorities since April 5, 2016. The Government filed an Answer to the Petition, and Quartey filed a Reply. For the reasons that follow, the Petition is DENIED.

### BACKGROUND

Quartey is a native and citizen of Ghana. He has lived in the United States since 2011 and was granted lawful permanent resident status on April 16, 2013. On January 22, 2014, Quartey was convicted in a Maryland state court of fraud based on personal identity information theft and sentenced to three years of imprisonment, all suspended, and three years of probation. On November 6, 2015, Quartey was again convicted of fraud based on personal identity information theft and was sentenced to 10 years of imprisonment, all suspended, and three years of probation. On January 21, 2016, Quartey was convicted of violating his probation and was sentenced to a 90-day term of imprisonment.

Because of his 2014 and 2015 criminal convictions, Quartey was charged as removable under Section 237(a)(2)(A)(i) of the Immigration and Nationality Act ("INA") based on his conviction for a crime involving moral turpitude committed within five years after admission, and under Section 237(a)(2)(A)(ii) of the INA based on his conviction for two crimes involving moral turpitude not arising out of a single scheme of criminal conduct. On April 5, 2016, ICE initiated removal proceedings against Quartey, at which time he was taken into custody pending his removal. Quartey was ordered removed to Ghana on June 27, 2016. In August 2016, Quartey withdrew his appeal to the Board of Immigration Appeals of the removal order. The withdrawal of the appeal made the removal order final. *See* 8 C.F.R § 1241.1(b) (2016).

On November 1, 2016 and February 13, 2017, ICE issued Decisions to Continue Detention based on Quartey's criminal convictions and the removal order. In these Decisions, ICE advised Quartey that it was working to, and expected to, secure a travel document for his removal to Ghana. Once Quartey participated in an interview with the Embassy of Ghana (the "Embassy"), the Embassy agreed to issue a travel document for Quartey. Quartey is scheduled to be deported to Ghana on June 12, 2017.

## DISCUSSION

The Petition seeks Quartey's release from ICE detention, invoking *Zadvydas v. Davis*, 533 U.S. 678 (2001). Specifically, Quartey alleges that his six-month presumptively reasonable removal period under *Zadvydas* ended on December 27, 2016, and because "neither ICE nor Ghana has provided any indication that Ghana would accept [Quartey] in the reasonabl[y] foreseeable future," he is entitled to *habeas corpus* relief. Pet. at 7, ECF No. 1. Respondent argues that Quartey has failed to establish that he is unlikely to be removed in the foreseeable future because of the pending removal date. In his Reply, Quartey expresses skepticism about

the representation that he will be removed on June 12, 2017 but states that he "will give ICE a second chance up to June 12, 2017 to execute the removal order." Reply at 2, ECF No. 7.

The only issue pending before this Court is the reasonableness of Quartey's continued detention following his removal order. After a removal order becomes final, ICE must remove the alien from the United States within 90 days (the "removal period"). *See* 8 U.S.C. § 1231(a)(1)(A) (2016). In *Zadvydas*, the United States Supreme Court held that post-removal-order detention under 8 U.S.C. § 1231(a) is limited to a period reasonably necessary to effect the alien's removal from the United States. 533 U.S. at 699. A six-month detention period is presumptively reasonable, but after six months, if "the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must respond with evidence to rebut that showing. *Id.* at 701. "[T]he *habeas* court must ask whether the detention in question exceeds a period reasonably necessary to secure removal. It should measure reasonableness primarily in terms of the statute's basic purpose, namely, assuring the alien's presence at the moment of removal." *Id.* at 699.

Quartey has been detained for approximately 11 months since the entry of his removal order. He asserts that despite his efforts to cooperate with ICE, the Embassy has refused to provide the travel documents necessary for his removal. Based on the length of his detention, the Court concludes that Quartey has met his initial burden to show that removal is unlikely to occur in the reasonably foreseeable future. Thus, under *Zadvydas*, the burden shifts to Respondent to demonstrate that removal is likely to occur. To meet this burden, Respondent has submitted the Declaration of David Scarberry, an ICE Detention and Deportation Officer. In the Declaration, Scarberry states that the Embassy has now agreed to issue a travel document for Quartey and that Quartey is scheduled to be deported the week of June 12, 2017. Quartey provides no evidence to

challenge this assertion. Indeed, he has expressed his willingness to "give ICE a second chance up to June 12, 2017." Reply at 2.

In light of the Scarberry Declaration, the Court concludes that Quartey's detention does not, at present, violate *Zadvydas*. Because Quartey's repatriation appears not only foreseeable but imminent, his current detention pending removal does not violate his liberty interest. *See Diallo v. Mumford*, No. JFM-16-0350, 2016 WL 8674579, at *2 (D. Md. Apr. 29, 2016). (finding that a nine-month custody period after the issuance of a removal order was reasonable where travel documents were expected to be issued within the next two months); *Talledo-Acosta v. Gonzales*, No. 06-CV-2362(WJM), 2007 WL 708877, at *1 (D. N.J. 2007) (finding detention was reasonable where petitioner was going to receive travel documents and had been booked on a flight to his home country).

If Quartey is not removed to Ghana by the end of the week of June 12, 2017, the Court will entertain a renewed Petition. Accordingly, Respondent shall file a status report, along with verified attachments, concerning Quartey's removal status, no later than **June 30, 2017**.

Accordingly, it is hereby ORDERED that:

1. The Petition is DENIED WITHOUT PREJUDICE.

2. The Clerk shall administratively close this case.

3. No later than **June 30, 2017**, Respondent shall provide a status report, along with verified attachments, to establish whether Quartey has been removed from the United States.

Date: June 5, 2017

THEODORE D. CHUANG
United States District Judge

4